# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TASMAN HARTFORD REAL ESTATE, LLC,**
       Plaintiff,

v.                                            Case No. 16-C-0305

**DANI LEATHER U.S.A., INC.,**
       Defendant.

## DECISION AND ORDER

The plaintiff, Tasman Hartford Real Estate, LLC, owns property that is only suitable for use as a tannery. Tasman alleges in its complaint that it entered into a lease agreement with the defendant, Dani Leather U.S.A., Inc., and that Dani breached the lease by abandoning the property and ceasing to make rent payments. In addition, Tasman alleges in the third count of its complaint that Dani left hazardous chemicals and materials on the property and refuses to return to the property and remove or properly dispose of them. In connection with this claim, Tasman seeks either declaratory and injunctive relief requiring Dani to remove the hazardous chemicals and materials from the leased premises or, in the alternative, an order requiring Dani to pay Tasman the costs it incurs in the course of removing the chemicals and materials on its own. Compl. ¶¶ 53–54.

Dani has filed a motion to dismiss the third count of the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Dani's argument is that this count does not plead facts suggesting that Tasman is entitled to either declaratory or injunctive relief. However, as noted, Tasman's third count also includes an alternative request for damages, and Dani does not contend that Tasman

1

would not be entitled to damages should it prevail on the third count.  Thus, the third count undoubtedly states a claim upon which relief can be granted.  Whether that relief should take the form or an injunction or damages is a matter that can be taken up after it is determined whether Dani is liable for leaving hazardous chemicals and materials at the property.

On October 4, 2016, Tasman filed a motion to compel Dani to participate in a discovery conference under Federal Rule of Civil Procedure 26(f).  Dani apparently refused to participate in such a conference until after the motion to dismiss was resolved.  However, now that I have resolved the motion to dismiss, I will issue a separate order setting a scheduling conference under Federal Rule of Civil Procedure 16.  That order will direct the parties to confer under Rule 26(f).  Accordingly, Tasman's motion to compel will be denied as moot.

For the reasons stated, **IT IS ORDERED** that Dani's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Tasman's motion to compel is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 21st of October 2016.

s/ Lynn Adelman

LYNN ADELMAN
District Judge